**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CARLA R. STROOT, )
)
          Plaintiff, )
)
v. ) Case No. 18-cv-1274-JWB-TJJ
)
HARTFORD LIFE AND ACCIDENT )
INSURANCE COMPANY, )
)
          Defendant. )

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's Motion for Leave to Amend Complaint (ECF No. 18) and Plaintiff's Motion to Extend the Deadline to File a Motion to Compel (ECF No. 20). Both motions relate to a dispute between the parties regarding the sufficiency of the administrative record. Both motions are fully briefed, and on February 21, 2019, the Court heard further argument from the parties during a telephone status conference. During the conference, the Court ruled on the sufficiency of the administrative record, denied Plaintiff's motion for leave to amend her complaint and took under advisement Plaintiff's motion for extension of time to file a motion to compel. This order modifies the Court's ruling on the sufficiency of the record and memorializes the denial of Plaintiff's motion to amend. The Court now also denies Plaintiff's motion for extension of time to file a motion to compel for the reasons discussed below.

### I. Background

On July 30, 2018, Plaintiff filed her petition in state court to recover benefits under two employee benefit plans pursuant to the Employee Retirement Income Security Act of 1974 based on her disability.[1] Defendant removed this case from Sedgwick County District Court on October

---
[1] ECF No. 1-1 at 1, ¶ 1.

4, 2018.[2] On November 27, 2018, the Court conducted a scheduling conference with the parties. After obtaining input from counsel, the Court ordered Defendant to produce the administrative record to Plaintiff by December 4, 2018.[3] Plaintiff was to notify Defendant of any objections to the administrative record by January 4, 2019.[4] If the parties were unable to resolve their disputes regarding the administrative record, they were to contact Judge James's chambers by January 21, 2019.[5] On that date, Plaintiff's counsel emailed chambers to inform the Court that the parties had remaining disputes they were unable to resolve regarding three documents Defendant withheld from the administrative record as attorney-client privileged which Plaintiff claimed she was entitled to receive based upon the fiduciary exception to the privilege. The same day, Plaintiff filed her motion to amend her complaint. Two days later, Plaintiff filed her motion for extension of time to file a motion to compel. Defendant has opposed both motions. Pursuant to the Court's instructions, on February 14, 2019, both parties submitted their arguments and authorities on the fiduciary exception to the attorney-client privilege to the Court. During the February 21, 2019 status conference, the Court discussed that issue as well as the fully briefed motion to amend with the parties.

The three documents Defendant withheld from the administrative record as attorney-client privileged communications ("the Disputed Documents")[6] each concern a letter from Plaintiff's counsel appealing Defendant's denial of Plaintiff's disability claim. Subsequent to the February 21 status conference with the parties, the Court requested that Defendant submit copies

---

[2] *See* ECF No. 1.

[3] *See generally* ECF No. 16.

[4] *Id.*

[5] *Id.*

[6] *See* ECF No. 18-1.

of the Disputed Documents for *in camera* review. The Court has received and reviewed those documents.

Without disputing that the Disputed Documents are attorney-client privileged, Plaintiff argues she is entitled to the documents because the fiduciary exception to the attorney-client privilege applies. Simply put, it is Defendant's refusal to turn over these three documents that is the basis for Plaintiff's request to amend her complaint. Plaintiff contends, "Defendant has violated its fiduciary obligations by asserting attorney-client privilege over materials that Defendant is legally obligated to provide to Plaintiff."[7]

## II. Analysis

### A. Fiduciary Exception to the Attorney-Client Privilege

Plaintiff argues the benefit plan at issue states that participants are entitled to all documents and information generated in connection with claim denials, and does not except out privileged documents. Plaintiff argues Defendant is an ERISA fiduciary and has the duty to discharge its duties with respect to the plan "solely in the interest of the participants and beneficiaries," and "for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan."[8] Plaintiff also cites *Lewis v. UNUM Corp. Severance Plan*.[9] as support for her argument that the fiduciary exception applies to the Disputed Documents because information generated or received during the claim process is supposed to be for the benefit of the participants such as Plaintiff.

---

[7] ECF No. 18 at 3. *See also* Plaintiff's proposed amendment to her complaint, ECF No. 18-2, para. 28: "Defendant has failed to turn over specific information in response to Plaintiff's written requests for documents and information generated during the appeal process of her disability and life insurance waiver of premium claims. Specifically, Defendant has asserted that certain information generated during the appeal is protected by attorney-client privilege."

[8] ECF No. 18 at 2–3 (citing 29 U.S.C. § 1104(a)(1)(A)).

[9] 203 F.R.D. 615 (D. Kan. 2001).

Defendant argues there are instances when the fiduciary exception is inapplicable, such as when an ERISA fiduciary seeks advice of counsel to defend a lawsuit brought by a plan beneficiary against the fiduciary in her personal capacity. Defendant argues the fiduciary exception is also inapplicable to communications made at times when the parties were not aligned, often characterized as a lack of mutuality of interest between the fiduciary and beneficiary. In this case Defendant contends the withheld documents are privileged communications between its appeal specialist and in-house counsel that occurred when there was no mutuality of interest between Defendant and Plaintiff, and therefore the fiduciary exception does not apply. Defendant agrees that *Lewis* sets forth general principles regarding the fiduciary exception to the attorney-client privilege.

"In the ERISA context, the fiduciary exception comes into play when an employer who is the administrator of an ERISA plan invokes the attorney-client privilege against the plan beneficiaries."[10] The "fiduciary exception derives from the principle that when an attorney advises a plan fiduciary about the administration of an employee benefit plan, the attorney's client is not the fiduciary personally but, rather, the trust's beneficiaries."[11] But, when "a plan fiduciary retains counsel in order to defend herself against the plan beneficiaries, the attorney-client privilege remains intact."[12] Defendant has asserted the attorney-client privilege with regard to the Disputed Documents and Plaintiff has not disputed the claim of privilege, so Plaintiff now has the burden to show the fiduciary exception applies.[13]

---

[10] *Violetta v. Steven Bros. Sports Mgmt., LLC*, No. 16-1193-JTM-GEB, 2017 WL 3675090 at *14 (D. Kan. Aug. 24, 2017) (quoting *Lewis v. UNUM Corp. Severance Plan*, 203 F.R.D. 615, 619 (D. Kan. 2001)).

[11] *Id.*

[12] *Id.*

[13] *Luper v. Bd. of Trustees of Police & Fire Ret. Sys. of Wichita, Kan,* No. 15-1399-EFM-KGG, 2017WL 3216662 at *3 (citing *Hermann v. Rain Link, Inc.*, No. 11-1123-RDS-KGS, 2012 WL 1207323, at *9 (D. Kan. Apr. 11, 2012).

In support of its argument that the fiduciary exception does not apply because of the lack of mutuality of interest between it and Plaintiff, Defendant argues that the withheld communications "concern a letter . . . from Plaintiff's counsel appealing Hartford's denial of Plaintiff's disability claim" and that "[t]he letter further expressly requests that Plaintiff's claim be approved . . . ." The problem with Defendant's argument is explained in *Lewis* as follows:

> If the Court finds, as Defendants appear to allege, that the pre-decisional legal advice was secured for the purpose of defending against the disagreement and claims of Plaintiff in prospective post-decisional litigation against the plan, then it follows that whenever the administration of a plan involves the denial of a beneficiary's claim or benefits under a plan, all of the pre-decisional legal advice of counsel would be subject to the attorney-client privilege and not available for review by the beneficiaries of the plan, including the disappointed beneficiary. This contradicts the principle that the Plan's Administrator administers the plan in the beneficiaries' best interests. Because denying benefits to a beneficiary is as much a part of the administration of a plan as conferring benefits to a beneficiary.[14]

Whether a communication was made before or after a benefit decision is a "key" consideration in determining whether the communication concerned the exercise of fiduciary functions.[15] If it occurred during the pendency of a beneficiary claim rather than after a decision denying benefits, the communication more likely concerns administration of the beneficiary claim.[16] Although the Tenth Circuit has not addressed the issue, one court has observed that most courts have held it is not until after the final determination – that is, after the final administrative appeal – that the interests of a Plan fiduciary and the beneficiary diverge for purposes of the fiduciary exception.[17]

---

[14] *Lewis*, 203 FRD 615 at 620. *See also, Geissal v. Moore Medical Corp.*, 192 FRD 620, 625 (E.D. Mo. 2000) ("Because the denial of claims is as much a part of the administration of a plan as the decision-making which results in no unhappy beneficiary, the prospect of Post-decisional litigation against the plan is an insufficient basis for gainsaying the fiduciary exception to the attorney-client privilege.") Gainsay is defined as "to declare to be untrue or invalid" or to "contradict, oppose." Merriam Webster Dictionary.

[15] *McFarlane v. Fist Unum Life Insurance Co.*, 231 F.Supp.3d 10, 14 (S.D.N.Y. 2017) (citations omitted).

[16] *Id.*

[17] *Stephan v. Unum Life Ins. Co. of America, 697 F.3d 917 (Ninth Cir. 2012).*

It is clear that the Disputed Documents in this case were pre-decisional. It is undisputed that they concerned the appeal letter sent to Defendant by Plaintiff's counsel.[18] The letter requested that Plaintiff's claim be approved. The letter is dated December 7, 2017 and the three withheld communications concerning the letter are dated December 28, 2017, December 29, 2017 – January 8, 2018, and January 8, 2018.[19] Defendant does not contend that a final determination on the administrative appeal had been rendered at the time of these communications, rather it argues that statements in the appeal letter could be seen as Plaintiff threatening to sue Hartford for breach of fiduciary duty. But as noted above, "the prospect of post-decisional litigation against the plan is an insufficient basis for gainsaying the fiduciary exception to the attorney-client privilege."

Defendant cites *Luper* and *Violetta* in support of its lack of mutuality of interest argument. But, *Luper* was not an ERISA case and the court there based its lack of mutuality of interest finding in part on the fact that the plaintiff was provided a "quasi-judicial" hearing process, during which he had the right to be represented by counsel of his own.[20] The Court finds that the mutuality of interest finding under the unique facts in *Luper* does not support Defendant's argument in this ERISA case. Nor does *Violetta* support Defendant's argument. In *Violetta*, Judge Birzer found the fiduciary exception did not apply, noting that "[n]early all of the communications took place after litigation began, and the few occurring earlier were created

---

[18] In an ERISA case similar to this one, *Krase v. Life Ins. Co. of North America*, 962 F.Supp. 2d 1033 (N.D. Ill. 2013), the court found that documents withheld by the insurer of a group life insurance policy on the basis of attorney-client privilege, in which the insurer's in-house counsel provided advice concerning specifically the plaintiff's "Appeal Letter," related to plan administration and the fiduciary exception to the privilege applied.

[19] This case was not filed until July 30, 2018.

[20] *Luper*, 2017 WL 3216662, at*4.

6

after litigation was threatened."[21] That is in stark contrast to the situation in this case, where all of the communications at issue took place during the administrative appeal, prior to litigation.

The Court is mindful that its ruling here regarding the fiduciary exception is inconsistent with its ruling on this issue during the status conference on February 21. However, the Court now has the benefit of its *in camera* review of the Disputed Documents and of its independent research. The *in camera* review made clear to the Court that the Disputed Documents concern communications regarding Plaintiff's appeal and were pre-decisional communications. The Court's independent research, much of which is cited above, also caused the Court to change its earlier view on the fiduciary exception issue. The Court notes that during the status conference it found a Third Circuit case, *Wachtel v. Health Net, Inc.*,[22] to be instructive and based its oral ruling that the fiduciary exception did not apply in part on rationale set out in *Wachtel*. However, in its research subsequent to the status conference the Court discovered that *Wachtel* represents a decidedly minority view. Many courts, though none in this district or the Tenth Circuit, have rejected the reasoning and ultimate decision in *Wachtel* and held that the fiduciary exception does apply to insurers.[23]

The Court finds that the fiduciary exception to the attorney-client privilege does apply to the Disputed Documents. Defendant will be required to serve unredacted copies of those documents upon Plaintiff and they shall be included in the Administrative Record in this case.

**B.      Plaintiff's Motion for Leave to Amend Complaint**

---

[21] *Violetta*, 2017 WL 3675090, at *15.

[22] 482 F.3d 225 (3d Cir. 2007).

[23] *See, e.g.*, *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917 (9th Cir. 2012); *Krase v. Life Ins. Co. of N. Am.*, 962 F. Supp. 2d 1033 (N.D. Ill. 2013); *McFarlane v. First Unum Life Ins. Co.*, 231 F. Supp. 3d 10 (S.D.N.Y. 2017).

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course within 21 days after serving it or before a responsive pleading is served.[24] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[25] The court should "freely give leave [to amend] when justice so requires,"[26] and the Supreme Court has emphasized that "this mandate is to be heeded."[27] A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment.[28] A proposed amendment is futile if the amended complaint would be subject to dismissal.[29] The purpose of Rule 15(a) "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[30]

Plaintiff describes the proposed amendment to her complaint as "[adding] three new paragraphs at the end to assert a claim against Defendant based upon its refusal to turn over relevant information."[31] Plaintiff's proposed supplemental claim alleges that she "is entitled to an order requiring Defendant to turn over all documents and information generated in connection

---

[24] Fed. R. Civ. P. 15(a)(1).

[25] Fed. R. Civ. P. 15(a)(2).

[26] *Id.*

[27] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[28] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010).

[29] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[30] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citation omitted).

[31] ECF No. 18 at 2.

with the adverse benefit determinations, and for attorney's fees and costs."[32] Plaintiff's motion for leave to amend cites a single case[33] in support of her claim that she is entitled to relief based upon the alleged fiduciary breaches, pursuant to 29 U.S.C. § 1132(a)(3). But, in *Faltermeier*, the plaintiff's amended claim alleged a separate cause of action for breach of fiduciary duty arising out of the defendant's exclusion of relevant medical evidence from the administrative record, namely an independent medical examiner's report. Instead of pleading a separate claim for breach of fiduciary duty by alleging facts that establish the elements of such a claim, Plaintiff's proposed supplemental claim appears to be an improper motion for an order to compel production. Plaintiff's proposed supplemental claim is vague and would be futile as it fails to state a claim for relief on any plausible basis.[34] Therefore, Plaintiff's motion for leave to amend her complaint is denied.

### C. Plaintiff's Motion to Extend the Deadline to File a Motion to Compel

Plaintiff filed her motion on January 23, 2019, requesting a 30-day extension to file a motion to compel regarding Defendant's responses to her Combined Discovery Requests. The parties seem to agree that Plaintiff's deadline to file a motion to compel was January 14, 2019.[35] Plaintiff says she mistakenly believed the deadline in the Court's Scheduling Order for the parties to notify the undersigned's chambers as to whether any issues remain regarding the administrative record was her deadline for filing a motion to compel.[36] Even still, Plaintiff waited

---

[32] *Id.* at ¶ 30.

[33] *Faltermeier v. Aetna Life Ins. Co.*, 2015 WL 3440479 at *1 (D. Kan. May 28, 2015).

[34] *See generally* ECF No. 18-2 at 6.

[35] ECF No. 20 at 2–3 (Plaintiff's 30-day deadline to file a motion to compel "had run two days earlier" from the parties' January 16, 2019 phone call); ECF No. 22 at 6 (the deadline for Plaintiff to file a motion to compel or motion for extension of time "was January 14, 2019.").

[36] ECF No. 20 at 3, ¶ 9. Plaintiff references the "January 19 deadline" but the deadline was actually January 21, 2019.

until two days past the believed deadline, and a week after the parties' phone call where defense counsel informed Plaintiff's counsel that the deadline was actually January 14, to file her motion for extension of time.

Plaintiff says good cause exists for the extension because her counsel "misunderstood his calendar entry" and given the holiday season and number of objections raised by Defendant, as well as the parties' continuing efforts to resolve their discovery issues without court intervention, an additional 30 days is necessary.[37] Further, Plaintiff says "the parties and this Court specifically reserved this discovery dispute for future determination during the Scheduling Conference."[38]

Defendant opposes the motion, arguing Plaintiff has failed to show excusable neglect as required when a motion is filed after the deadline has passed. Defendant also argues it would be prejudiced because Plaintiff's discovery requests seek "irrelevant extra-record information" and has the effect of delaying resolution of this case.[39]

Under D. Kan. Rule 37.1(b), "[a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived." A motion for extension of time must be filed "before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."[40] To determine whether a party has shown excusable neglect,

---

[37] *Id.*

[38] ECF No. 23 at 1.

[39] ECF No. 22 at 11–12.

[40] D. Kan. Rule 6.1(a)(4).

the Court considers: "(1) whether the movant acted in good faith; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings."[41]

The Court will consider each of the factors in turn. Although the Scheduling Order explicitly states any motion to compel discovery "must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown"[42] and Plaintiff clearly failed to do so, the Court does not find that Plaintiff acted in bad faith. As for Plaintiff's delay in filing her motion, she does offer reasons for the delay, including mis-calendaring and the intervening holidays. Defendant does not make a strong argument for how it would be prejudiced if Plaintiff is allowed to file her motion to compel out of time. And, although any failure to file a motion for extension prior to the deadline is troubling, there was not a significant delay after the deadline before Plaintiff filed the instant motion for extension. The Court also notes that the deadline for the completion of discovery is April 29, 2019, so the parties should still be able to complete any limited discovery allowed in this case by the discovery deadline.

Accordingly, Plaintiff's motion for extension of time to file her motion to compel is granted but only insofar as Plaintiff shall be allowed until March 21, 2019 to file her motion to compel, and before filing any such motion Plaintiff shall confer in good faith with Defendant

---

[41] *Layne Christensen Co. v. Purolite Co.*, No. 09-2391-JWL-GLR, 2011 WL 124538, at *1 (D. Kan. Jan. 14, 2011) (*citing Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.*, No. 05–2001–DJW, 2008 WL 5046345, at *2 (D. Kan. Nov. 24, 2008)).

[42] *Id.* at 9.

regarding all discovery requests still in dispute. Plaintiff shall also bear in mind the limited scope of these proceedings and that her motion to amend her complaint has been denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant shall serve unredacted copies of the Disputed Documents as defined herein upon Plaintiff by March 18, 2019 and the Disputed Documents shall be included in the Administrative Record in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 18) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend the Deadline to File a Motion to Compel (ECF No. 20) is granted insofar as Plaintiff shall be allowed until March 21, 2019 to file her motion to compel, and before filing any such motion Plaintiff shall confer in good faith with Defendant regarding all discovery requests still in dispute.

**IT IS SO ORDERED.**

Dated March 14, 2019, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge