# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLA R. STROOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-1274-JWB-TJJ |
| ) | |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On March 15, 2019, the Court conducted a telephone status conference with the parties at Defendant's request. Plaintiff appeared through counsel, Sean McGivern and Don Peterson. Defendant appeared through counsel, Anna Imose and Steven Ward. The parties were unable to resolve a dispute regarding Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition notice (ECF No. 29). Defendant objected to the topics set forth in the notice and the deposition overall, arguing a deposition was not appropriate or necessary. Plaintiff argued the deposition was necessary because of Defendant's responses to her written discovery requests. Because there is no motion before the Court at this time, the Court provided guidance to the parties as to what the rulings would be if a motion were filed. This order memorializes the guidance provided.

1. **Area of Inquiry No. 1**

This topic states: "Everything **You** did to ensure that **You** produced all documents responsive to plaintiff's First Request for Production of documents, including but not limited to the identify (sic) of those involved in locating documents."

The Court would sustain Defendant's objection. This topic is an improper request for discovery on discovery in that it asks essentially what Defendant did to arrive at its response to a request for production. Defendant responded to Plaintiff's written discovery request that it had

no responsive documents. In addition, the Court "cannot compel a party to produce documents that do not exist or that are not in that party's possession, custody, or control."[1] As such, this topic is not relevant or proportional, so Defendant's objection would be sustained if a motion on this Area of Inquiry were filed.

   2. **Area of Inquiry Nos. 2-5**

These topics include six questions each regarding Defendant's responses to Plaintiff's written discovery requests. As to the first four questions (subsections (a) through (d)), the Court would sustain Defendant's objections. ERISA "seeks to ensure a speedy, inexpensive, and efficient resolution" of claims.[2] Discovery may, at times, be necessary but should not be broad, unwieldy, burdensome, or speculative.[3] "The party moving to supplement the record or engage in extra-record discovery bears the burden of showing its propriety."[4] Plaintiff has not met her burden with regard to subsections (a) through (d). These topics are again improper attempts to compel discovery on discovery where there is no evidence of any bad faith on the part of Defendant in responding to the discovery requests at issue. In addition, these topics overly broad and unduly burdensome.

However, the Court would allow Plaintiff to question Defendant's corporate representative on topics (e) and (f). Because Defendant does not have, by its own admission, written policies that it can disclose to Plaintiff, it is appropriate for Plaintiff to ask about these unwritten policies and procedures. But, the Court reminds Plaintiff of the limited nature of the

---

[1] *Sprint Comm. Co., L.P. v. Vonage Holdings Corp.*, 05-2433-JWL-DJW, 2007 WL 1408399, at *1 (D. Kan. May 9, 2007) (citations omitted).

[2] *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010).

[3] *Id.*

[4] *Id.*

discovery permissible in this ERISA case, as noted in the authorities cited in the preceding paragraph.

   3. **Area of Inquiry No. 6**

This topic seeks information regarding "Hartford's understanding of its obligations to ensure that any consultant that it hires to review the claims and appeals of ERISA participants be free from financial or other bias." Defendant suggests that Plaintiff may get the same information through an affidavit. But the Court would overrule this objection. Plaintiff is entitled to ask about this topic, regardless of whether the information could be provided through an affidavit. But, again, the Court reminds Plaintiff of the limited nature of the discovery permissible in this ERISA case, as noted in the authorities cited above.

   4. **Area of Inquiry No. 7**

This topic inquires about "[t]he factual basis and due diligence regarding Hartford's denial" of allegations in paragraph 13 of Plaintiff's petition concerning MES Solutions. Defendant objects because it seeks Defendant's knowledge about a 2011 transaction between two other companies of which Defendant says it has no knowledge. The Court notes that Defendant's answer denied paragraph 13 of the petition based upon lack of sufficient knowledge or information. Thus, the Court would sustain Defendant's objection to this topic. Defendant has answered Plaintiff's written discovery on this topic, stating it does not know. It cannot be forced to answer a question about which it has no knowledge.

   5. **Area of Inquiry No. 8**

This topic seeks "[t]he things that Hartford has done to ensure that it uses vendors who are free from financial bias" and then proceeds to ask several follow-up questions. Defendant objected on the basis that Plaintiff failed to timely file a motion to compel with regard to her

written discovery requests that sought this same information. However, Plaintiff had filed a motion to extend the deadline to file a motion to compel with regard to discovery on this issue, and the Court recently granted Plaintiff a short extension of time, to and including March 21, 2019, in which to file her motion to compel (ECF No. 30). Therefore, Defendant's objection would be overruled.

**6. Area of Inquiry Nos. 9-10**

These topics again inquire into Defendant's knowledge regarding MES Solutions. For the reasons discussed above, Defendant's objections would be sustained. It cannot be compelled to answer something it does not know involving a different company.

The Court stressed to the parties that, in accordance with *Murphy*, which both parties agree controls, discovery in this ERISA case should be very limited. Plaintiff's counsel offered that he would be willing to limit the subject Rule 30(b)(6) deposition to 7 hours. The Court encouraged the parties to confer and agree on the scope of the deposition topics, taking into account the guidance provided in this order, and time limit for the deposition (possibly somewhat less than 7 hours).

**IT IS SO ORDERED.**

Dated March 19, 2019, at Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge